Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 610 | **DATE** | 6/29/2001 |
| **CASE TITLE** | Ryan A. Larson vs. Lynch Ford, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss (doc. #9)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion to Dismiss (doc. #9) is **DENIED**. Status hearing set for July 23, 2001 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FR-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | JHC | courtroom deputy's initials | 01 JUL -2 PM 10: 01 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN A. LARSON, | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 01C610 |
| v. | ) | |
| | ) | JUDGE WILLIAM J. HIBBLER |
| LYNCH FORD, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND OPINION


DOCKETED
JUL 0 3 2001

Plaintiff, Ryan Larson, filed his complaint in this Court against Defendant, Lynch Ford, Inc., alleging violations of the Truth in Lending Act, 15 U.S.C. 1601 et seq. ("TILA") in connection with motor vehicle transactions. Defendants filed a Motion to Dismiss Plaintiff's Complaint (doc. #9). For the reasons set forth herein, Defendants' Motion is **DENIED**.

### BACKGROUND

Plaintiff purchased a motor vehicle from Defendant on December 30, 2000. As part of the transaction Plaintiff claims Defendant violated the Truth in Lending Act by failing to fully provide required disclosures in connection with the down payment. Plaintiff claims he signed a Promissory Note for the down payment which failed to conform to TILA requirements. Defendant claims, among other things, that Plaintiff never financed his down payment, and therefore, has not stated a cause of action.

### MOTION TO DISMISS STANDARD

Motions to dismiss should not be granted "unless it appears beyond reasonable doubt that

1

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When evaluating these motions, this Court must accept all well-pleaded allegations made in support of the complaint as true. *Jefferson v. Security Pac. Fin. Servs., Inc.*, 161 F.R.D. 63, 66 (N.D. Ill. 1995).

## ANALYSIS

### A. Defendant claims the down payment was not financed

As part of its original complaint, Plaintiff attaches Exhibit A, "Truth In Lending Disclosure Statement," he claims to have executed with Defendant to finance the vehicle purchase. This statement, however, was not signed by both parties. Plaintiff claims that Defendant cannot challenge the validity of his facts by submitting a different contract to refute the one submitted by Plaintiff. However Plaintiff is trying to apply an incorrect standard. Where a plaintiff alleges facts that establish that the defendant is entitled to prevail on a motion to dismiss, the court may find that the plaintiff has plead himself out of court. *McCormick v. City of Chicago*, 230 F3d 319, 325 (7th Cir. 2000). Defendant's attachments to the motion to dismiss must be given as much weight if their purpose is to refute Plaintiff's complaint. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993).

As part of its motion to dismiss, Defendant submitted another statement ("Actual Statement") that was executed by both parties. Defendant claims this statement was the actual financing statement. Defendant claims that the Actual Statement clearly indicates Plaintiff did not finance his down payment. However, Plaintiff claims the down payment was financed in form of the Promissory Note. Plaintiff claims this Promissory Note constitutes a "consumer credit transaction" under TILA, and should therefore conform to its disclosure requirements. This Court finds that the

2

Promissory Note submitted by Plaintiff casts doubt on Defendant's claim. Additionally, there appears to be a discrepancy as to the actual amount of the down payment. Plaintiff claims it was $600 as evidenced by the Promissory Note, Defendant claims it was $500. This Court finds that, for the purposes of this motion, the down payment was indeed financed.

B. Defendant contends that Plaintiff's Complaint does not allege a violation under TILA

In the alternative, Defendant claims that even if the down payment was financed, there was no violation because the down payment was included in the "Total Amount Financed" portion of the Agreement, as required by TILA. 15 U.S.C. § 1638(a)(2)(A). To demonstrate that it complied with this provision, Defendant states that the $1,300 amount reflected in the "Total Sale Price" box *includes* the down payment. What is puzzling is that this amount is listed in the agreement submitted by Plaintiff which Defendant claims is invalid. Additionally, Defendant failed to even address Plaintiff's contention that the down payment was financed by the Promissory Note.

Plaintiff claims there was in fact a TILA violation because the Promissory Note failed to comply with the statute's requirements. The Promissory Note is for the sum of $600 and is subject to a finance charge of 15%. There are no TILA disclosures made in connection with it. TILA must be liberally construed in favor of the consumer, and the Act imposes strict liability in the sense that absolute compliance is required. *Rowland v. Magna Millikin Bank of Decatur, N.A.*, 812 F. Supp. 875, 878 (C.D. Ill. 1992). In considering a motion to dismiss, this Court must accept as true all well-pled allegations in the complaint, and draw all reasonable inferences in Plaintiff's favor. With these standards in mind, this Court finds that the Promissory Note was executed to finance Plaintiff's down payment.

Turning to the Actual Agreement, the portion of the form that lists "Less Cash Down

3

payment" has an amount of zero. If the down payment is in fact listed in the "Total Sale Price," Defendant should make it known to the Court by delineating how much of the total sale price includes the down payment and what amount makes up the remainder. While TILA may not require the down payment to be segregated, there is uncertainty and doubt as to the location and existence of the down payment that this Court would like clarified.

C.  Defendant claims Plaintiff did not allege statutory damages

Defendant argues that Plaintiff must allege "actual injury" regardless of the type of damage sought. *Brown v. Payday Loan Corp. of Illinois*, 202 F.3d 987, 989 (7th Cir. 2000). This is not the case. Statutory damages may be recovered in the absence of actual damages. *Hickey v. Great Western Mortgage Corp.*, 158 F.R.D. 603, 611 (N.D. Ill. 1994). Section 1640(a) specifically states recovery for violations of §1635 and §1638(a)(2), (3), (4), (5), (6), (9). *Brown*, 202 F.3d at 991.

Plaintiff alleges statutory damages under TILA and Regulation Z because the down payment is subject to a finance charge. Under 12 C.F.R. 226.2(a)(18) "a deferred down payment may be treated as part of the down payment if it is ... not subject to a finance charge." The Promissory Note signed by Plaintiff is subject to an 18% finance charge. Defendant failed to provide TILA disclosures in the Promissory Note, including the amount financed, finance charge and APR, in violation of §1638(a)(2), (3), and (4), respectively. Therefore Plaintiff is entitled to statutory damages.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (doc. #9) is **DENIED.** This Court's research indicates nothing that conclusively states that §1640 and §1638 must be pled in conjunction. Plaintiff only pleads violation of §1640 in its original complaint; this Court is giving Plaintiff the

benefit of the doubt by not Dismissing with leave to amend. For clarity's sake and to preserve any future claims he may have, it is recommended that Plaintiff file an amended complaint to include the relevant sections of TILA.

**IT IS SO ORDERED.**
**DATED:** June 29, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE